UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

YESENIA CASIANO

CASE NO.:

    Plaintiff,

v.

OCEANSIDE MILE, LLC d/b/a SEABONAY
BEACH RESORT, a Florida Limited Liability
Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, YESENIA CASIANO ("CASIANO" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, OCEANSIDE MILE, LLC d/b/a SEABONAY BEACH RESORT, a Florida Limited Liability Company, ("SBR" or "Defendant"), and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

5. At all times material hereto, SBR was and continues to be engaged in business in Florida, with its principal place of business in Broward County, Florida.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not the Motor Carrier Act.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

8. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

9. Defendant was and continues to be an "employer" within the meaning of FLSA.

10. At all times material hereto, SBR was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

11. At all times material hereto, SBR was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times relevant hereto, Defendant operated a hotel in Broward County, Florida.

14. At all times relevant hereto, Defendant had more than two employees.

15. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for

commerce.

16. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, but not the Motor Carrier Act.

17. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

18. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF CLAIMS

19. During the relevant limitations period under the FLSA, Plaintiff worked for Defendant under the title of "Manager."

20. Plaintiff, however, was misclassified as exempt under the FLSA, because the reality of her job duties required her to perform non-exempt, non-administrative, and non-professional work at Defendant's hotel.

21. Most importantly, Plaintiff was paid on an hourly basis, **not a salary basis**, for all hours worked, of $20.00 per hour.

22. Plaintiff was paid a flat fee of $20.00 for all hours worked, including overtime hours worked, as evidenced by her pay stubs.

23. Because Plaintiff was paid on an hourly basis, she could not be considered exempt under the white collar exemptions to the FLSA.

24. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

25. During the relevant limitations period, Defendant failed to compensate Plaintiff at

3

a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

26. Defendant failed to pay Plaintiff overtime compensation because it misclassified her as exempt.

27. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

28. Defendant has violated Title 29 U.S.C. §207 in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    c. Defendant failed to maintain proper time records as mandated by the FLSA.

29. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
### VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

30. Plaintiff re-alleges and reavers paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

4

31. During her employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all overtime hours worked.

32. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

33. At all times material hereto, Defendant failed and continues to fail to maintain proper time records as mandated by the FLSA.

34. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

35. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

36. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

37. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

38. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half

5

for their overtime hours.

39. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest; and

    f. Ordering any other further relief the Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: June 3, 2015.

Respectfully submitted,

RICHARD CELLER, ESQ.
Florida Bar No. 0173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230

Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: richard@floridaovertimelawyer.com

Trial Counsel for Plaintiff